Citation Nr: 1641956 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-07 398 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Adams, Counsel

INTRODUCTION

The Veteran served on active duty from June 1986 to May 1991 and had service in the Reserves until 2006.

This matter is on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

The Veteran testified before the undersigned in an October 2013 videoconference hearing. The hearing transcript was associated with the claims file and reviewed. 

This matter was remanded in July 2014 and May 2016 for further development. It is now ready for adjudication.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

Giving her the benefit of the doubt, the Veteran has a low back disability, to include degenerative arthritis and intervertebral disc syndrome (IDS), that is related to her service.


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for a low back disability, to include degenerative arthritis and IDS, are met. 38 U.S.C.A. §§ 1110, 1111, 1131, 1132, 5103(a), 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2015).



REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014). Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

The Veteran contends that she has a back disability that is related to her service. Her main contention is that her back disability is related to her duties as a dental assistant during active duty and Reserves service. 

The service treatment records from her active duty service and Reserves service are void of any diagnosed back disability. Reserves service records include a March 2000 report of medical history which indicates a complaint of recurrent back pain and an impression of back pain status/post vaginal delivery. A May 2005 report of medical history indicates a complaint of recurrent back pain.

On December 2010 VA joints examination, the Veteran presented with a history of active duty service from June 1986 until May 1991 as a dental technician. She also served in the Navy Reserves until 2006 as a dental technician/assistant. She indicated that she experienced back pain during service and her pregnancy. On examination, the examining physician diagnosed chronic nonspecific musculoligamentous strain of the lumbar spine with episodes of transient radiculopathy and symptoms of meralgia paresthetica. An X-ray examination indicated stable mild degenerative disease at L4-5. 

At the October 2013 Board hearing, the Veteran gave credible testimony that her back disability had its onset while she worked as a dental assistant during service. The Veteran has reported that her current back pain began during active duty from leaning over frequently to work as a dental assistant for five years.
Pursuant to the Board's July 2014 remand, on January 2016 VA back (thoracolumbar spine) conditions Disability Benefits Questionnaire examination, upon review of the claims file and a thorough examination of the Veteran, the examining physician diagnosed degenerative arthritis of the spine and IDS. The Veteran described gradual onset of low back pain during service which she correlated to rigorous training and work activities.

After a thorough review of the claims file and examination of the Veteran, the VA examining physician opined that her back disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The rationale, in part, was that the service record did not document objective findings consistent with high energy injury to soft tissue or osseous structures of the Veteran's lumbar spine, such as fracture, disc derangement, tendon/ligament tear, or dislocation. The examining physician also opined that it was unlikely that her service-connected left knee disability caused or aggravated her back disability.
 
In May 2016, the Board remanded the claim for an addendum opinion as to whether repeated leaning and bending over as a dental assistant for five years on active duty led or contributed to her current back disability.

In a June 2016 addendum opinion, the January 2016 examining physician opined that the claimed back disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The rationale was that the medical literature does not recognize the duties usually performed by a dental assistant as a well-documented risk factor for lumbar pathology. Moreover, even if the literature did, the Veteran only performed those duties for 5 years and the literature suggests a 10-year exposure as the threshold value for repetitive use causative mechanisms.

In response to the June 2016 addendum opinion, in a July 2016 statement, the Veteran explained that she had 5 years active duty service and 15 years Reserves service as a dental assistant.

The Board finds that the evidence demonstrates that the Veteran's back disability began during service, but that symptoms of a back disability were not chronic: the STRs indicate complaints of back pain, but are negative for any diagnosed back disability. Despite the lack of chronic symptoms of a back disability in service, and the additional complaints of back pain post-childbirth, the competent medical and lay evidence does, however, show continuous symptoms of a back disability following service separation. 

Moreover, the Veteran has, in fact, related that after 5 years of active duty as a dental technician, she continued to engage in these same activities as a dental technician with the Navy Reserves for 15 years, including chair twisting, turning and leaning for hours each day in twisted positions that further caused her back condition to worsen. Thus, since the January 2016 conceded that literature suggested a 10-year exposure as the threshold value for repetitive use causative mechanisms, since the Veteran's exposure period was actually twice that amount, he unknowingly provided a nexus between the Veteran's current back disability and her period of active and reserve duty. 

Accordingly, with the resolution of reasonable doubt in the favor of the Veteran, the Board finds that the criteria for service connection for a low back disability, to include degenerative arthritis and IDS, are met. See 38 U.S.C.A. § 1507; 38 C.F.R. § 3.102.

ORDER

Service connection for a low back disability, to include degenerative arthritis and IDS, is granted.


____________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs